Case 1:08-cv-00804-HWB   Document 1   Filed 08/25/2008   Page 1 of 9

FILED - GR
August 25, 2008 4:39 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw_____/_____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

---

**Candy L. Cadwell**

    Plaintiff,

-v-

**Jeffrey Kluzak,
Keith Swanson**, and
**City of Greenville,**
jointly and severally,

    Defendants.

Case No. 1:08-cv-804
Honorable **Robert J. Jonker**
**U.S. District Judge**

_____/

The F. L. Gibson Group, P.C.
**Fred L. Gibson P39530**
Attorney for Plaintiff
17001 19 Mile Rd., Ste 1-C
Clinton Twp., MI 48038-4867
586-416.2520 / 586-464.1629[fx]
fgibson@voyager.net
_____/

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

    _s/ Fred L. Gibson_
    Fred L. Gibson P39530

**COMPLAINT**

&

**DEMAND FOR JURY TRIAL**

1

## NATURE OF CASE

1. On September 19, 2007, Greenville police officer Jeffrey Kluzak shot at and attempted to kill Candy L. Cadwell, as Cadwell was driving away from Kluzak. Officer Keith Swanson, charged with the safekeeping of certain evidence stemming from the shooting, allowed Kluzak to handle certain of that evidence, resulting in its destruction. Afterwards, Kluzak and Swanson submitted reports of the shooting that contained misleading information. The City of Greenville's police department thereafter failed to investigate the shooting and/or follow its written policy regarding the review / investigation of police shootings, and failed to sufficiently train Kluzak and Swanson in the use of force and protection of evidence. Mr. Cadwell asserts U.S.C.A. 4 & 14, and state law, claims against Kluzak, Swanson, and the City of Greenville for injuries incurred and damages caused.

## JURISDICTION AND VENUE

2. Jurisdiction is vested in the United States District Court pursuant to 28 U.S.C.§1331; 28 U.S.C.§1343 and 28 U.S.C.§1367.

3. Venue is appropriate in the Western District of Michigan pursuant to 28 U.S.C. §1391. Further, the events that gave rise to this lawsuit occurred in Montcalm County, Michigan.

## PARTIES

4. Plaintiff, Candy L. Cadwell, is a resident of the State of Michigan, County of Eaton.

5. Defendants, Jeffrey Kluzak and Keith Swanson, are residents of the State of Michigan. And, upon information and belief, residents of the County of Montcalm.

6. Defendant, City of Greenville, is a municipal corporation with its principal business offices located at 411 South Lafayette, in the City of Greenville, Montcalm County, Michigan.

## STATEMENT OF FACTS

7. At all times relevant and material to the facts of this case, the City of Greenville's police department:

   a. Maintained written policies, procedures, rules, and regulations that governed:

      i. The on-duty and off-duty conduct of its police officers:

      ii. The use of force by its police officers, particularly deadly force;

      iii. The securing and protection of evidence;

      iv. The training of its police officers;

      v. The documentation of action taken by its police officers;

      vi. The use, security, and protection of in-car videos;

      vii. The investigation of use of force, to include deadly force, engaged in by its police officers.

8. At all times relevant and material to the facts of this case, the City of Greenville was charged with the duty and obligation to not hire, and/or not retain, a police officer that exhibited a lack of ability to adequately carry out the statutory and constitutional duties and obligations of a police officer.

9. At all times relevant and material to the facts of this case each defendant, specifically Jeffrey Kluzak and Keith Swanson:

   a. Was on-duty and working in his individual capacity as a sworn police officer, for and on behalf of the City of Greenville;

   b. Was acting under color of law [42 U.S.C. §1983];

   c. Was on notice of, and charged with the duty and obligation to execute his lawful, statutory duties within the parameters set forth by the Constitution and laws of the State of Michigan and of the United States, and was not to subject a private citizen, or cause a private citizen to be subjected to the deprivation of any rights, privileges or immunities secured by the

3

        Constitution and/or laws of the State of Michigan and/or of the United States;

  d.    Knew it was clearly established at the time of the shooting, which is the subject of this lawsuit, that deadly force could not be used against a non-dangerous fleeing felon such as Cadwell. [*Tennessee v. Garner,* 471 US 1, 9, 11 (1985)];

  e.    Is being sued in his individual capacity.

10. On September 19, 2007, at approximately 11:30 p.m., the Montcalm County Sheriff's Department received a phone report of a possible breaking & entering at *Bill's This & That*, a small retail store operating out of a Quonset hut, at 9328 S. Greenville Road, Eureka Township. The store was closed at the time.

11. The first police units to respond were City of Greenville officers Kluzak and Swanson.

12. Without ascertaining whether the retail location had actually been broken into or whether any crime had even occurred, Swanson saw a vehicle leaving the surrounding area allegedly with its headlights off, and started to follow it.

13. Swanson got a good look at the driver, later identified as Cadwell, and reported the description of the driver and the vehicle's registration plate information to dispatch.

14. Cadwell drove a short distance on M-91 then turned onto Fletcher Road. According to Swanson, Cadwell did not exceed the speed limit, yet Cadwell refused to stop for the marked police car which had its overhead lights activated, as did Kluzak's patrol car, which was following close behind Swanson.

15. A short distance onto Fletcher Road, Cadwell activated his vehicle's right turn signal, turned right into a driveway, and brought his car to a stop on the cement pad leading to the garage of a private residence.

16. Swanson pulled to the left rear of Cadwell's car and stopped. Kluzak stopped his car to the right rear of Swanson's car.

17. As Swanson set in his car, Kluzak left his patrol car and ran towards the rear of Cadwell's car. Kluzak had his gun drawn and pointed at Cadwell. Seeing and/or hearing Kluzak, Cadwell drove off the cement pad, and proceeded across the yard to the road.

18. As Cadwell drove onto the yard, Kluzak fired three shots at Cadwell intending to kill Cadwell. The first bullet broke out the back window; the second and third went directly into the driver's side of Cadwell's car. Of those two bullets, one passed through the left rear passenger's door, the other bullet passed through the driver's door and then into and through Cadwell's left knee, causing him severe and permanent injuries and damages.

19. Hearing the shots, feeling the pain in his left knee, and believing the homeowner was shooting at him, once he was back onto the road Cadwell accelerated to the point that his vehicle lost traction at a curve not far from the driveway he had just left. Cadwell's car then struck a tree head-on.

20. Cadwell was subsequently arrested, handcuffed, and taken to a local hospital for emergency treatment for the gunshot trauma to his left knee / leg.

21. Swanson was later charged with the duty to retrieve and protect certain evidence, to include, but not limited to, the in-car video from his patrol car and the in-car video from the patrol car operated by Kluzak.

22. After Swanson retrieved the two in-car videos, instead of immediately securing and placing them into evidence, Swanson allowed Kluzak to take possession of the video retrieved from Kluzak's patrol car, as Kluzak said he wanted to review it before it was placed into evidence. In his attempt to view the video, it was destroyed.

23. The in-car video from Swanson's car confirms that Cadwell presented no threat whatever to Swanson and/or Kluzak and confirms that at no time preceding the shooting did Cadwell attempt to back into, hit, or otherwise demonstrate any manifestations of an intent to do bodily harm to either of the officers or any other

person.

24. Swanson's in-car video also confirms that at all times relevant and material to the facts of this case, Cadwell did not confront, attack, threaten, or approach Swanson or Kluzak or any other person and thus at no time did he do anything that could be considered threatening to either Swanson or Kluzak or any other person.

### COUNT I
### VIOLATION OF U.S.C.A. 4 & 14 as to all Defendants

25. Mr. Cadwell repeats the above paragraphs as if set forth below.

26. The 4th and 14th Amendment protect individuals from the misuse of governmental power, particularly the use of excessive force in the course of an arrest, investigatory stop or other seizure of a free citizen.

27. In this case each defendant knew, or should have known that Mr. Cadwell was possessed of the 4th and 14th Amendment right not to be subject to excessive force during the course of an arrest, investigatory stop or other seizure of his person.

28. Mr. Cadwell sets forth claims for damages for injuries that he sustained as a result of the above misconduct as provided for under 42 U.S.C. § 1983 against all defendants as well as for their violation of his constitutional rights as guaranteed by the 4th and 14th Amendments to the United States Constitution.

29. In view of the above federal rights, Mr. Cadwell had a right to be free from an unreasonable search and seizure of his person and/or the use of excessive and unnecessary, deadly force against him.

30. Kluzak improperly, maliciously and/or with deliberate indifference discharged his weapon and struck Mr. Cadwell, who, at all relevant times, was unarmed.

31. At all times relevant and material to the facts of this case Swanson and Kluzak was each afforded a reasonable opportunity to deliberate various alternatives prior to electing a course of action.

32. Swanson and Kluzak then reported false and misleading statements in, or otherwise omitted important facts from their written reports and to sheriff's department investigators as to their observations and actions involving Mr. Cadwell.

33. Swanson and Kluzak then caused and/or otherwise allowed certain crucial evidence that memorialized their actions, to be tampered with and/or otherwise rendered unusable.

34. That the improper and/ or unlawful actions attributable to Swanson and Kluzak, as more fully set forth above, were caused by and/or contributed to by way of the City's failure to train and/or improperly training and/or policies and procedures which have led to the establishment of a custom to allow the City's police officers to utilize excessive force against members of the public.

35. By and through the acts above described, the defendants unnecessarily, willfully, wantonly and deliberately inflicted pain and injury on plaintiff.

36. That on the date and time above referenced, the defendants violated the law, the constitution and their sworn duty in that the act(s) and/or omission(s) attributable to each defendant, as more fully described in the paragraphs above, was willful, wanton and/or taken with deliberate indifference and/or with reckless disregard to plaintiff's federally protected rights.

37. That as a direct and proximate result of the wrongful and unlawful act(s) and/or omission(s) attributable to each defendant, as above described, plaintiff suffered serious and grievous injuries, and damages, past, present, and future, including, by way of example, but not limitation, to:
    a. Physical pain and suffering;
    b. Mental anguish;
    c. Fright and shock;
    d. Denial of social pleasure and enjoyment;
    e. Embarrassment, humiliation, or mortification;

 f. The disability including the loss or impairment of normal body functions and disfigurement of his left knee and leg;

 g. The reasonable expense of the necessary medical care, treatment, and services;

 h. Diminished earning capacity;

 i. And any other injuries and damages and consequences that are found to be related to the events of September 19, 2007, that is the subject of this lawsuit, that develop or manifest themselves during the course of discovery and trial.

## COUNT II
## GROSS NEGLIGENCE; WILLFUL AND WANTON MISCONDUCT; BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AS TO ALL DEFENDANTS

38. Mr. Cadwell repeats each paragraph above as if fully set forth below.

39 The acts and conduct of the defendants alleged in the above stated cause of action when considered under the laws of the State of Michigan, constitute gross negligence; willful and wanton misconduct; battery; and/or intentional infliction of emotional distress.

40. That as a direct and proximate result of the act(s) and/or omission(s) attributable to the defendants, Mr. Cadwell sustained those serious and grievous injuries, and incurred those past, present, and future damages more fully described and set forth above.

**Relief Requested**

As and for each count above, plaintiff requests judgement enter against each defendant individually, and jointly and severally, in whatever amount above $75,000.00 he is found to be entitled, to include all compensatory, special, exemplary and/or punitive damages allowed by statute, case law and court rule(s), as well as the costs of this litigation, interest and reasonable attorney fees.

Respectfully,

s/ Fred L. Gibson
Fred L. Gibson P39530
Attorney for Plaintiff
17001 19 Mile Road, Ste 1-C
Clinton Twp MI 48038-4867
586.416.2520/586.464.1629 [fx]
fgibson@voyager.net

## DEMAND FOR JURY TRIAL

Plaintiff demands a Jury Trial in this action.

Respectfully,

s/ Fred L. Gibson
Fred L. Gibson P39530
Attorney for Plaintiff